The STATE of Ohio, Appellee,

v.

ALLER, Appellant.

[Cite as *State v. Aller* (1992), 82 Ohio App.3d 9.]

Court of Appeals of Ohio,
Lucas County.

No. L-91-299.

Decided Aug. 7, 1992.

*Duane Skrzyniecki*, Assistant Prosecuting Attorney, for appellee.
*Jerome Phillips*, for appellant.

*Per Curiam.*

This is an appeal from the judgment of the Lucas County Court of Common Pleas, Juvenile Division, in which the court denied the objections of appellant, James Aller, to the referee's report and recommendation finding him unruly. Appellant challenges the court's act of amending the complaint from underage consumption of alcohol to unruliness, without notice, at the end of trial.

On November 10, 1990, a party was held at a private residence in Lucas County, Ohio. The Ohio Department of Liquor Control was aware of the party and, after observing individuals consuming beer, agents from the department entered the premises at approximately 10:15 p.m. Agents discovered several juveniles and young adults, all under twenty-one years of age, standing by a barn behind the house and around a nearby bonfire; some were holding cans of beer. The parents of the minor host of the party were inside the house. Refreshments were set out on a table, including soda, sloppy joes and chips.

After securing the area, the agents proceeded to interview the individuals at the party to establish their age and whether they had been drinking. On the basis of the interview, appellant was taken into custody. He was eventually charged with violating R.C. 4301.632, underage consumption of alcohol.

A referee for the Lucas County Court of Common Pleas, Juvenile Division, conducted a hearing on July 18, 1991, to consider the charge against appellant. At the close of trial, the referee ruled that appellant did not violate R.C. 4301.632, underage consumption of alcohol. Instead, the referee *sua sponte* amended the charge and found that appellant was unruly under R.C. 2151.-022(C). The referee justified the ruling by stating that appellant's presence at a party where beer was being consumed by juveniles placed the defendant in a situation which was injurious to his health or morals. Appellant objected to the referee's ruling, and a full hearing was conducted by a judge on August 5, 1991 to consider the objections. The court ruled the objections were not well taken and adopted the referee's recommendations, including the sentencing recommendations. Appellant requested a stay and filed a notice of appeal to this court.

Appellant sets forth two assignments of error which read:

"I. Where a juvenile defendant is charged with consuming alcohol and there is insufficient evidence to sustain the state's burden to prove that charge, the trial court commits error by amending the complaint at the conclusion of the trial and finding the juvenile defendant to be unruly.

"II. The manifest weight of the evidence did not support a finding of unruliness."

In support of Assignment of Error No. I, appellant argues that the court's act of amending the complaint at the conclusion of trial violated both the United States and Ohio constitutional protections of due process, as well as Juv.R. 22. The Supreme Court of the United States has recognized that there are due process requirements for juvenile proceedings. *In re Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, 40 O.O.2d 378. The court held that it is essential to due process and fair treatment that "the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations * * * sufficiently in advance of the hearing to permit preparation." *Id.* at 33, 87 S.Ct. at 1446, 18 L.Ed.2d at 549, 40 O.O.2d at 392. In this case, appellant argues he had no notice of the amendment, written or oral, until the referee found him unruly and amended the complaint to conform to that finding. Consequently, appellant argues that he did not have reasonable time to prepare a defense to the amended complaint and was deprived of due process. Appellee cites a case from this court, which upheld a juvenile court's *sua sponte* amendment of a complaint at the conclusion of trial. *State v. Kunkleman* (Apr. 25, 1980), Lucas App. No. L-79-156, unreported. In *State v. Kunkleman*, the trial court amended a charge of arson to criminal trespass at the conclusion of the presentation of evidence. On appeal, this court upheld the trial court, stating:

"The trial court properly exercised its discretion when it found that the interests of justice required the amendment of the pleading." *Id.* at 3.

Appellee argues the precedent established in *State v. Kunkleman* should be followed in this case. However, our review of the record convinces us that unlike *State v. Kunkleman,* the interest of justice did not require an amendment of the pleading in this case. The trial court's action of amending the pleading at the close of trial was unreasonable, arbitrary and capricious in this case and constitutes an abuse of discretion. See *State v. Longo* (1982), 4 Ohio App.3d 136, 4 OBR 228, 446 N.E.2d 1145, paragraph three of the syllabus.

Appellee also contends that Juv.R. 22(B) requires that a party must specifically request time to respond to the amendment, and since appellant did not object or request any time to respond, he waived his right. Juv.R. 22(B) states in relevant part:

"After the commencement of the adjudicatory hearing, a pleading may be amended * * * if the interests of justice require, upon order of court. Such order shall where requested grant a party reasonable time in which to respond to the amendment."

Assuming *arguendo* that appellee is correct that Juv.R. 22(B) requires a specific request for time to respond, a claimed error not timely objected to by the aggrieved party will be corrected on appeal if the error rises to the level of plain error. *State v. Bock* (1984), 16 Ohio App.3d 146, 16 OBR 154, 474 N.E.2d 1228. Ohio courts have set the standard for plain error as "whether substantial rights of the accused are so adversely affected as to undermine the 'fairness of the guilt determining process.' " *State v. Swanson* (1984), 16 Ohio App.3d 375, 377, 16 OBR 430, 432, 476 N.E.2d 672, 675.

In this case, appellant was convicted of an offense of which he had no notice until the referee rendered his decision. Appellant prepared and presented a successful defense to the charge of underage consumption of alcohol, the charge he was given notice of prior to trial. He had no obligation to prepare and present a defense to establish that he had not violated other crimes with which he was not charged, especially when the other crimes contained elements substantially different from the elements of the crime with which he was charged. Appellant's substantial right of due process was affected by the referee's action and the fairness of his trial was undermined. Plaint error exists in this case and may be considered by this court although not objected to at the trial by appellant.

Appellant's first assignment of error is well taken.

In his second assignment of error, appellant argues that even if the amendment of the pleading was proper, the manifest weight of the evidence

did not support a finding of unruliness. When addressing the proper standard of review in a criminal case, the Supreme Court of Ohio stated:

"The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

Appellant was found unruly under R.C. 2151.022(C), which states:

"[An] 'unruly child' includes any child * * * [w]ho so deports himself as to injure or endanger the health or morals of himself or others[.]"

We have carefully read the transcript of the proceedings and conclude that after viewing the evidence in a light most favorable to appellee, no rational trier of fact could conclude that the essential elements of unruliness have been proved beyond a reasonable doubt.

Beer was observed at the party appellant was attending when he was arrested, but the testimony presented at trial conflicted as to exactly how much beer was present. No conclusive evidence was offered at trial establishing where the beer came from, but the witnesses for appellant indicated that it was brought by the individuals at the party. The agent who interviewed appellant before placing him under arrest testified that although he did not see appellant consume any beer, he smelled alcohol on appellant's breath. However, witnesses for appellant testified that he had only been at the party for approximately thirty minutes prior to the raid, and no one saw him consume any alcohol, nor did they smell any alcohol on his breath. After hearing all the witnesses, the trial court determined that (1) there were ten to fifteen bottles or cans of beer at the party; (2) appellant had been at the party for thirty minutes or more before the bust; and (3) appellant was aware that juveniles were drinking beer at the party. The trial court also found that appellant had not been drinking, but at least four other juveniles had consumed alcohol. Despite the agent's testimony that he smelled alcohol on appellant's breath, the referee concluded, and the trial court affirmed, that appellant was not guilty of underage consumption of alcohol. We will not reverse the court's determination of credibility of witnesses. *State v. Kehn* (1977), 50 Ohio St.2d 11, 14, 4 O.O.3d 74, 76, 361 N.E.2d 1330, 1332, certiorari denied (1977), 434 U.S. 858, 98 S.Ct. 180, 54 L.Ed.2d 130. The ruling of the referee in the trial court indicates a finding that no evidence established that appellant possessed any beer at the party, brought any beer to the party or consumed any beer at the party. Accepting the trial court's determinations stated previously, we conclude the state failed to prove the essential elements of unruliness beyond a reasonable doubt. No conduct engaged in by appel-

lant, according to the testimony presented, injured or endangered the health or morals of himself or others. Appellant's mere presence at a party where others were consuming alcohol does not indicate moral depravity, nor does it indicate any conduct which endangers his health or the health of others. No testimony was presented to show that appellant served alcohol to others or encouraged others to consume alcohol. Therefore, the trial court's finding of unruliness was against the manifest weight of the evidence. Appellant's second assignment of error is well taken.

The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed. Appellant is discharged. Costs of this appeal are assessed to appellee.

*Judgment reversed.*

GLASSER, P.J., and HANDWORK, J., concur.

ABOOD, J., concurs in judgment only.