**In re FELTON, Alleged Delinquent Child.**

[Cite as *In re Felton* (1997), 124 Ohio App.3d 500.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–96–21.

Decided Dec. 19, 1997.

*William E. Huber,* for appellant.

*Garrett T. Gall,* Auglaize County Prosecuting Attorney, and *Amy Otley Fox,* Assistant Prosecuting Attorney, for appellee.

---

HADLEY, Judge.

This is an appeal from an Auglaize County Court of Common Pleas, Juvenile Division, judgment entry finding a juvenile to be unruly. For the following reasons, we affirm that decision.

The facts of the case arose as follows. On October 19, 1995, a fifteen-year-old female student at St. Mary's High School told the assistant principal that another student had assaulted her. The young woman claimed that Chris Scott Felton, appellant, grabbed her breast during the change of classes.

Due to that conversation, the assistant principal called the St. Mary's Police Department. He told the dispatcher that he was investigating a sexual assault claim and wished to have an officer present. Consequently, an officer went to the school.

Upon arriving at the high school, the officer spoke with the young woman. She repeated her story to the officer. Next, the assistant principal and the officer spoke with appellant about the incident. Appellant initially admitted to grabbing the young woman's breast. However, upon later questioning, he denied grabbing her. Instead, he claimed he had been pointing toward her chest and accidentally poked her with his finger.

On November 29, 1995, appellant was charged with delinquency by sexual imposition in violation of R.C. 2907.06(A)(1), a third-degree misdemeanor if committed by an adult. Appellant denied the charge, and on April 11, 1996, the matter proceeded to trial. Four persons testified at the hearing.[1]

At the conclusion of the hearing, the court requested both parties to brief, *inter alia,* the issue of whether unruliness was a lessor included offense to the charge. The court then issued its adjudication on May 15, 1996. In its opinion, the court held that without the victim's testimony, the charge of sexual imposition was not proven beyond a reasonable doubt. However, the court further found that unruliness was a lessor included offense to the initial delinquency charge. Therefore, the court adjudicated appellant an unruly child pursuant to R.C. 2151.022(C).

A dispositional hearing was held on July 16, 1996. At that hearing, appellant was placed on probation for an indefinite period, subject to several terms and conditions.

---

1. Although under subpoena, the victim did not appear.

It is from this adjudication and subsequent sentence that appellant is now appealing, with the following two assignments of error.

### Assignment of Error No. 1

"When a juvenile defendant is charged with delinquency and there is insufficient evidence to find beyond a reasonable doubt that the child committed an act which would be deemed a crime if committed by an adult, the court then commits error if it amends the complaint at the conclusion of the trial and subsequently finds the juvenile defendant to be unruly."

Pursuant to Juv.R. 22(B), a trial court has the discretion to amend a complaint. Unless the juvenile court abuses its discretion in amending a complaint, we will not reverse that decision. See *State v. Aller* (1992), 82 Ohio App.3d 9, 12, 610 N.E.2d 1170, 1171–1172. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149; *Ojalvo v. Ohio State Univ. Bd. of Trustees* (1984), 12 Ohio St.3d 230, 232–233, 12 OBR 313, 314–316, 466 N.E.2d 875, 876–878. Therefore, absent a finding that the juvenile court abused its discretion, we will not substitute our judgment for the trier of fact. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308–1309.

Juv.R. 22(B) provides:

"(B) Amendment of pleadings. * * * After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaint charging an act of delinquency may not be amended unless agreed by the parties, if the proposed amendment would change the name or identity of the specific violation of law so that it would be considered a change of the crime charged if committed by an adult."

In the present case, appellant was originally charged with delinquency by sexual imposition in violation of R.C. 2907.06(A)(1). A "delinquent child" has been defined as a child whose conduct constitutes a violation of any criminal law statute. *In re Burgess* (1984), 13 Ohio App.3d 374, 13 OBR 456, 469 N.E.2d 967; R.C. 2151.02. In contrast, an "unruly child" is defined as including "any child * * * [w]ho so deports himself as to injure or endanger the health or morals of himself or others." R.C. 2151.022(C).

The record reflects that the underlying action on which appellant was tried was that of his allegedly grabbing the breast of a classmate. At appellant's hearing, four witnesses testified. Three of the witnesses testified as to appel-

lant's allegedly grabbing the young woman's breast.[2]  Appellant's attorney thoroughly cross-examined those witnesses as to their observations and testimony. Additionally, appellant put forth evidence in his own defense regarding the incident.  Therefore, we find that the record demonstrates that appellant's trial revolved around the issue of whether he grabbed a girl's breast.

Moreover, the sole allegation in appellant's complaint was that he grabbed a girl's breast.  The appellant had the opportunity to, and did, prepare and present a defense on this allegation.  Cf. *State v. Aller* (1992), 82 Ohio App.3d 9, 12, 610 N.E.2d 1170, 1171–1172.  The same facts formed the basis for both the original charge of delinquency and the amended charge of unruliness.  Therefore, we hold that the trial court did not err in amending the complaint.

Accordingly, we overrule appellant's first assignment of error.

## Assignment of Error No. 2

"The court did not permit the juvenile defendant to present a defense to the charge of unruliness, failed to appropriately apply Juvenile Rule 22(B), and the manifest weight of the evidence and standard of evidence as set forth by the court did not support a finding of unruliness."

■■  Where an appellant asserts that the judgment is not supported by the manifest weight of the evidence, "the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.  Moreover, in determining whether the verdict is against the manifest weight of the evidence, we may not weigh the evidence or judge the credibility of witnesses.  *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

In the present case, appellant was adjudicated an unruly child under R.C. 2151.022(C).  R.C. 2151.022(C) states that an "unruly child" includes "any child * * * [w]ho so deports himself as to injure or endanger the health or morals of himself or others."

Appellant is essentially trying to reargue his case in his brief.  However, he already had an opportunity to defend his alleged action at the juvenile court level. We, at the appellate level, can only review the evidence already presented at the juvenile court.

---

2.  Those witnesses were the assistant principal of St. Mary's high school, the police officer who spoke with the alleged victim and appellant, and a classmate who observed the incident.

■ Turning to appellant's hearing, we have reviewed the record and find sufficient evidence to support appellant's adjudication as an unruly child. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus (to uphold a judgment, we need only find some competent, credible evidence going to all the essential elements of the case). A classmate at St. Mary's High School testified that she witnessed appellant grab the alleged victim's breast during the change of classes. While there was some question about how accurate her observation may have been, the juvenile court chose to believe her testimony. As we have previously stated, an appellate court may not judge the credibility of witnesses. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276; *DeHass, supra,* at paragraph one of the syllabus. Therefore, we must defer to the trial court's judgment in matters of witness credibility.

Additionally, both the assistant principal and a St. Mary's police officer testified that appellant admitted to them that he had grabbed the alleged victim's breast. Although appellant later denied doing that, that testimony was admissible evidence as a statement against interest. The juvenile court, as the trier of fact, weighed the conflicting statements and found that appellant had grabbed the girl's breast. We find that there is sufficient evidence to support that finding and therefore uphold the juvenile court.

■ Furthermore, appellant argues that he could not possibly be adjudicated unruly since neither he nor the alleged victim testified regarding the effect on his or her health or morals. However, we find this argument to be meritless. R.C. 2151.022(C) defines unruliness as acting in a way that is injurious to the health or morals of either the perpetrator or others. The juvenile court specifically found:

"[U]under the circumstances presented here, a high school aged child, who grabs the breast of a schoolmate, during school hours and while in the presence of other students is an activity which endangers the health or morals of himself or others. Such activity, whether intentional or not, cannot be tolerated in our high schools."

We find that there is sufficient evidence in the record to find that grabbing a girl's breast in the presence of others is an act that is potentially damaging to the morals of other students present. Therefore, we find that appellant's adjudication of unruliness was not against the manifest weight of the evidence.

We have previously discussed appellant's remaining issues regarding the opportunity to present a defense and the proper application of Juv.R. 22(B) in our assessment of his first assignment of error. Therefore, we will not address those two issues again.

Accordingly, we overrule appellant's second assignment of error.

For the aforementioned reasons, we affirm the judgment entry of the Auglaize County Court of Common Pleas, Juvenile Division.

*Judgment affirmed.*

EVANS, P.J., concurs.

SHAW, J., dissents.

SHAW, Judge, dissenting.

I respectfully dissent. The allegations of inappropriate behavior on the part of the juvenile appellant in this case may have warranted some internal discipline within the school system. They were not established in accordance with the standards required of a criminal prosecution in a court of law. In particular, the failure of the victim to testify, the equivocal and hearsay nature of the testimony that was submitted at trial, and the substantive amendment of the charge by the court at the conclusion of the trial all constitute disturbing features underlying this adjudication.

The case arises from the following factual background. On October 19, 1995, the St. Mary's Police Department received a phone call from the assistant principal at the local high school. The assistant principal stated that he was investigating a sexual assault matter and wished to have an officer present. An officer was dispatched to the school.

The matter under investigation was a report from a fifteen-year-old student that defendant had grabbed her breast with the palm of his hand during the change of classes. The student related her experience first to the assistant principal and thereafter to the officer. Next, the assistant principal and officer together spoke with defendant about the incident. In this conversation, defendant initially admitted grabbing the student but, after additional questioning, modified his recollection of the events to say that he was pointing toward the girl's chest and the touching was only a poke with his finger.

On November 29, 1995, the defendant was charged with delinquency by sexual imposition in violation of R.C. 2907.06(A)(1), a third-degree misdemeanor if committed by an adult. Defendant entered a denial to the charge, and on April 11, 1996, the matter went to trial on that charge. Testimony was taken from four persons. As noted earlier, the victim did not appear. The only person who testified as to witnessing this incident was a classmate of the victim. However, this person's testimony was effectively discredited in a number of ways, as to her opportunity to accurately observe the incident and the inherent hearsay nature of her testimony as to the alleged reactions of the victim, and by the witness's own prior inconsistent statements.

The court issued its adjudication on May 15, 1996. In its opinion, the court held that in the absence of the victim's testimony, the charge of sexual imposition was not proven beyond a reasonable doubt. On the other hand, pursuant to post-trial briefs submitted by the parties, defendant was adjudicated to be an unruly child pursuant to R.C. 2151.022(C).

A violation of R.C. 2907.06(A)(1) requires proof·of sexual contact with another who is not the spouse of the offender, when such contact is offensive to the other person or the offender is reckless in that regard. A child is adjudicated unruly pursuant to R.C. 2151.022(C), which defines an unruly child as including "any child * * * [w]ho so deports himself as to injure or endanger the health or morals of himself or others."

Traditionally, unruliness has been viewed as a "status offense," meaning that a child has committed noncriminal harm for which rehabilitation, rather than punishment, is appropriate. However, in contrast to other so-called status offenses such as dependency and neglect, the unruliness statute applies to violative conduct in which the juvenile has personally engaged, such as not submitting to the control of authority figures, being habitually truant, acting·in ways to injure health or morals, and associating with "vagrant, vicious, criminal, notorious, or immoral persons." ·R.C. 2151.022(A), (B), (C), and (E). Thus, the Revised Code and Juvenile Rules require a standard of proof beyond a reasonable doubt in the adjudication of an unruliness charge. R.C. 2151.35(A) and Juv.R. 29(E)(4). Case law also supports the position that unruliness proceedings are governed by the reasonable doubt standard. See, *e.g., State v. Aller* (1992), 82 Ohio App.3d 9, 13, 610 N.E.2d 1170, 1172; *In re Cooper* (Sept. 22, 1989), Seneca App. No. 13–88–34, unreported, 1989 WL 108730; *State v. Clark* (June 15, 1987), Clinton App. No. CA 86–11–022, unreported, 1987 WL 12733. Accordingly, the standard of review for an unruliness case is that articulated in *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:

"The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

The foregoing authority also implies that procedural issues involving notice, the application of Juv.R. 22, and the determination of lesser included offenses must be regarded no differently in cases of unruliness than in delinquency cases. In any event, there is no authority for the proposition that simply because of its history as a so-called status offense, an unruliness charge is *always* available to the juvenile court as a backup or catchall charge to any failed delinquency offense. Moreover, there is no indication that the unruliness charge in this case would qualify as a lesser included offense of the sexual imposition offense under any permissible analysis of the elements of those offenses. See *State v. Deem*

(1988), 40 Ohio St.3d 205, 533 N.E.2d 294; *State v. Johnson* (1988), 36 Ohio St.3d 224, 522 N.E.2d 1082.

In short, the post-trial amendment of this charge gave the defendant no notice of the offense of which he was ultimately convicted. Contrary to the majority opinion, the issue of notice has nothing to do with whether the prosecution's evidence remains intact. In this case, the lack of consent and the offensive nature of the conduct to the absent victim were key elements of the sexual-imposition charge upon which the defense successfully focused, winning acquittal on the failure of proof in those areas. Had the amendment in this case occurred even during trial, the defense might have had the opportunity to address similar issues involving the elements of health or morals, concerning which there is no evidence in this record beyond the presumptions of all concerned. In any event, this opportunity is fundamental to our entire criminal justice system, including juvenile court, and was not afforded in this case. The adjudication should be reversed.