OPINION
Appellant Peter Zoumberakes appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which found him to be a juvenile traffic offender. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR ONE
 THE COURT ERRED IN GRANTING AN EX PARTE MOTION WITHOUT HEARING AND SUBSEQUENTLY APPROVING THE CHANGE TO INCLUDE OHIO REVISED CODE SECTION 2151.021.
ASSIGNMENT OF ERROR TWO
 THE APPELLANT, PETER ZOUMBERAKIS, WAS DENIED A SPEEDY TRIAL UNDER THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE I, SECTION TEN OF THE CONSTITUTION OF THE STATE OF OHIO.
ASSIGNMENT OF ERROR THREE
 THE APPELLANT WAS CONVICTED ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
The record indicates Deputy Sheriff Douglas Wedman stopped appellant on January 19, 1999, for reckless operation of his motor vehicle in violation of R.C. 4511.20. Appellant entered a plea of not true, and the matter was initially scheduled for pre-trial on May 26, 1999. On May 12, 1999, appellant filed a motion to continue and the matter was set for June 14, 1999, and was consolidated with two other pending cases involving the appellant.
On June 14, 1999, the trial court heard appellant's other two cases, but because of time constraints, the magistrate continued the case at bar for a pre-trial on October 4, 1999. On September 28, 1999, appellant requested another continuance, and the matter was re-scheduled for November 15, 1999.
On October 18, 1999, the State moved to amend appellant's uniform traffic citation pursuant to Juv. R. 22. Appellant appealed the court's granting of this motion, but this court dismissed the appeal for want of a final appealable order on February 8, 2000.
On April 20, 2000, the court set a trial date for June 28, 2000. The matter proceeded to trial on that date, and the magistrate found appellant to be a juvenile traffic offender.
The juvenile court overruled appellant's objections to the magistrate's decision on August 28, 2000, and adopted the magistrate's decision.
 I
In his first assignment of error, appellant urges the court erred in sustaining the State's motion to amend the charge without conducting a hearing. Pursuant to Juv. R. 22 (B), a juvenile court has discretion to amend a complaint. This court may not reverse the court's decision unless we find abuse of discretion, see State v. Aller (1992),82 Ohio App.3d 9. The Supreme Court has repeatedly defined the term abuse of discretion as connoting the court's decision was unreasonable, arbitrary or unconscionable, see e.g. State v. Adams (1980),62 Ohio St.2d 151.
The State cites us to Juv. R. 22 (B), which states in pertinent part:
(B) Amendment of pleadings
 Any pleading may be amended at any time prior to the adjudicatory hearing. After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaint charging an act of delinquency may not be amended unless agreed by the parties, if the proposed amendment would change the name or identity of the specific violation of law so that it would be considered a change of the crime charged if committed by an adult. Where requested, a court order shall grant a party reasonable time in which to respond to an amendment.
As the State points out, Juv. R. 22 does not specify a right to a hearing on the motion to amend. Our review of the motion to amend indicates the State's amendment to the complaint added a violation of R.C. 2151.021 to the traffic violation. The Revised Code Section designates the individual as a juvenile traffic offender rather than as an adult. The State moved to amend prior to the adjudicatory hearing.
Based upon this record, we do not find any abuse of discretion in permitting the State to amend the complaint. Accordingly, the first assignment of error is overruled.
 I
In his second assignment of error, appellant urges he was denied a speedy trial as guaranteed by the United States and Ohio Constitutions. First of all, in State v. Reed (1977), 54 Ohio App.2d 193, this court held speedy trial statutes applied to adults, not juveniles.
Appellant urges speedy trial provisions should have applied to him because he was 18 years old at the time of trial. However, appellant concedes he was 16 years old at the time he was cited, and pursuant to R.C. 2151.011, any person who violates State law prior to his or her 18th birthday is a juvenile. Appellant was tried as a juvenile and found to be a juvenile traffic offender.
The State concedes this case remained pending for an extraordinary length of time, but points out several of the continuances were at appellant's request, and occasioned by the first unsuccessful appeal.
We conclude the trial court did not violate appellant's rights. The second assignment of error is overruled.
 III
In his third assignment of error, appellant urges the evidence was insufficient as a matter of law for the court to find him a juvenile traffic offender.
The court found appellant violated R.C. 4511.20 which prohibits the operation of a vehicle in willful or wanton disregard of the safety of persons or property.
At trial, Deputy Sheriff Wedman testified he observed appellant at the stop light at the end of the off ramp from Interstate 77 at the Faircrest exit. When the light turned green, appellant accelerated the car, spun its tires and fish tailed into the intersection. The Deputy testified he could hear the tires squealing 150 feet away with the windows closed, and the spinning lasted for 15 to 20 feet. Deputy Wedman also testified he could smell the burned rubber from the tires.
It had snowed in the Canton area on the day in question, and appellant testified that he was driving slower than normal because of the road conditions. Testimony differed regarding road conditions at the scene. Appellant testified when the light turned green, he waited for an on-coming truck, and then turned. Appellant testified his tires did spin because it was wet and the car did fish tail, although he did not intentionally do this. Appellant testified his car remained in its own lane the entire time. Deputy Wedman testified appellant admitted he let the clutch out too fast, but appellant, his passenger, and his mother all testified the vehicle appellant was driving on the day in question had an automatic transmission. Both appellant and his passenger testified they did not hear any squealing tires, nor did they smell burnt rubber.
In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court held an appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether the evidence, if believed, would convince the average mind of the defendant's guilty beyond a reasonable doubt, Jenks at 275, citations deleted. After viewing the evidence in a light most favorable to the prosecution, we must determine if any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, Id.
We have reviewed the transcript of proceedings, and we find the State presented insufficient evidence appellant operated his vehicle in a reckless manner. The record demonstrates appellant spun his tires for 15 or 20 feet, fish tailing in his own lane, but was able to stop at next red light, only 40 yards away. We find this evidence simply does not constitute sufficient evidence of reckless operation.
The third assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is reversed, and pursuant to App. R. 12, we enter final judgment that appellant is not a juvenile traffic offender in this case.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is reversed, and final judgment is hereby entered that appellant is not a juvenile traffic offender in this case. Costs to appellee.
 ______________________________ By Gwin, P.J.,
Hoffman, J., and Farmer, J., concur.