OPINION
This is a limited appeal by appellant, the state of Ohio, pursuant to R.C. 2945.67(A). Appellant appeals the September 21, 2001 judgment entry of the Portage County Court of Common Pleas, Juvenile Division.
On January 3, 2001, a complaint was filed against appellee, Leonard Harris, a juvenile, alleging that he was a delinquent by reason of having committed the offense of robbery, a second-degree felony. A copy of the police report and statement of facts were filed with the complaint. An adjudicatory hearing occurred on February 13, 2001.
The evidence revealed that appellee was shopping at Gabriel Brothers ("the store") in Portage County, Ohio on January 2, 2001. He selected a pair of tennis shoes from the shoe department, put them on his feet, placed his old shoes inside the shoebox, and returned the box to the shelf. As appellee exited the store, a store detective approached him and asked him to return inside the store. He started to enter the store with the detective and then he elbowed the detective in the face and headed for the door again. He was apprehended and placed under arrest for robbery. At the hearing, appellee moved for a dismissal of the robbery charge, which was overruled.
On February 13, 2001, appellee was found to be delinquent by reason of having committed a robbery. Appellee received a disposition that included a term of one to ninety days, eighty-eight of which were suspended on the condition that appellee be placed on one year of probation. Appellee was given two days credit for time already served. The trial court transferred appellee's probation supervision to Cuyahoga County, appellee's county of residence.
On August 31, 2001, appellee filed a motion to modify, requesting that the trial court amend the complaint pursuant to Juv.R. 22(B) and R.C.2151.355(A)(25), "from one of Robbery, a felony of the second degree if committed by an adult, to the lesser included offense of Theft, a misdemeanor of the first degree if committed by an adult." A hearing was held on September 21, 2001, on the motion to modify. On that date, the trial court amended the robbery adjudication to theft and disorderly conduct by fighting. The same disposition was to continue. It is from that entry that appellant timely filed the instant appeal and advances a single assignment of error:
 "The juvenile court erred when it amended an adjudication of delinquency from robbery to theft and disorderly conduct six months after the original adjudication."
In its lone assignment of error, appellant claims that the trial court erred when it amended the adjudication of delinquency from robbery to theft and disorderly conduct because: (1) Juv.R. 22(B) does not allow for the amendment of an adjudication after disposition; (2) Juv.R. 29(F) provides the only post-adjudication options; (3) R.C. 2151.355 does not allow a juvenile judge to amend a delinquency adjudication after disposition; and (4) the only authority for relief from a judgment of an adjudication of delinquency is in R.C. 2953.21 and Civ.R. 60(B).
We note that appellant seeks to reverse the trial court's ruling of law, but not the disposition of the case. Thus, the determination of this issue is for prospective application only. State v. Chakirelis (Mar. 29, 1996), 11th Dist. No. 95-L-041, 1996 WL 200605, at 2.
Juv.R. 22(B) provides that: "[a]ny pleading may be amended at any time prior to the adjudicatory hearing. After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaint charging an act of delinquency may not be amended unless agreed by the parties, if the proposed amendment would change the name or identity of the specific violation of law so that it would be considered a change of the crime charged if committed by an adult. Where requested, a court order shall grant a party reasonable time in which to respond to an amendment."
Therefore, according to Juv.R. 22(B), a trial court has the discretion to amend a complaint, and unless the court abuses its discretion, we will not reverse that decision. In re Felton (1997), 124 Ohio App.3d 500,503. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157. Thus, absent a finding that the juvenile court abused its discretion, we will not substitute our judgment for that of the trier of fact. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
In the instant matter, the trial court amended the complaint after the adjudicatory hearing and after appellee's disposition. It is our view that Juv.R. 22(B) does not provide authority for an amendment to be made at that time. Permitting such an amendment six months after appellee's disposition would grant a juvenile court the authority to alter an adjudication made by a judge at any time.
In addition, Juv.R. 29(F) provides the procedure followed upon determination of the issues and states:
 "Upon the determination of the issues, the court shall do one of the following:
 "(1) If the allegations of the complaint * * * were not proven, dismiss the complaint;
 "(2) If the allegations of the complaint * * * are admitted or proven, do any one of the following, unless precluded by statute:
 "(a) Enter an adjudication and proceed forthwith to disposition;
 "(b) Enter an adjudication and continue the matter for disposition for not more than six months and may make appropriate temporary orders;
 "(c) Postpone entry of adjudication for not more than six months;
 "(d) Dismiss the complaint if dismissal is in the best interest of the child and the community."
Here, the trial court followed the procedures outlined in Juv.R. 29(F) by determining that the allegations in the complaint were proven, entering an adjudication, and proceeding to disposition. However, nowhere in the rule does it state that a juvenile court may amend an adjudication post-disposition. At the time of disposition, the trial court could have dismissed the complaint. Yet, it proceeded with the disposition.
Furthermore, although we are aware that a juvenile court has jurisdiction concerning any child who, on or about the date designated in the complaint, is alleged to be a delinquent child, this jurisdiction is continuing and may be invoked at any time by motion before the juvenile court. R.C. 2151.23(A)(1); Juv.R. 35. See, also, In re Bracewell (1998),126 Ohio App.3d 133, 136. If the child is ultimately adjudicated delinquent, the juvenile court has wide latitude as to the disposition that it may make. See R.C. 2151.355(A). Since the purpose of maintaining a juvenile court is different from the criminal justice system for adults, a juvenile court has the discretion to make any disposition that it finds proper. R.C. 2151.355(A)(12); In re Caldwell, 76 Ohio St.3d 156,160, 1996-Ohio-410. The proceedings are considered civil in nature, not criminal, and the dispositions ordered by the court are considered rehabilitative, not punitive. In re Bracewell, supra, at 136-137 citingIn re Young Children, 76 Ohio St.3d 632, 1996-Ohio-45. Hence, it is our view that the trial court had latitude as to the disposition it rendered, but it was not allowed to modify the adjudication six months after disposition.
Moreover, R.C. 2151.355(A)(1) and (2) are for orders of disposition for delinquent children and provide that "[i]f a child is adjudicated a delinquent child, the court may make * * * [a]ny order that is authorized by section 2151.353 of the Revised Code [or] * * * [p]lace the child on probation under any conditions that the court prescribes."
In the case at bar, it is our view that the trial court considered R.C. 2151.355 in rendering appellee's disposition. However, nowhere in the statute is there any authority granted to the juvenile court to modify an adjudication after disposition.
Appellant also argues that the only relief from a judgment of adjudication of delinquency is in R.C. 2953.21 and Civ.R. 60(B). R.C.2953.21(A)(1) states that: "[a]ny person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *"
In the case sub judice, appellee did not allege a denial or infringement of his constitutional rights. Further, appellant did not file a Civ.R. 60(B) motion for relief. Thus, it is our position that the trial court erred in modifying appellee's adjudication.
For the foregoing reasons, appellant's assignment of error is well-taken. We, therefore, reverse the ruling of law of the Portage County Court of Common Pleas, Juvenile Division, but not its judgment, in this matter.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.