**In re PENNINGTON.**

[Cite as *In re Pennington,* 150 Ohio App.3d 205, 2002-Ohio-6381.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19303.

Decided Nov. 22, 2002.

Johnna M. Shia, Montgomery County Assistant Prosecuting Attorney, for appellee.

Michael E. Deffet, Montgomery County Assistant Public Defender, for appellant.

FREDERICK N. YOUNG, Judge.

{¶ 1} Michael Pennington appeals from his conviction of delinquency by reason of disorderly conduct, a minor misdemeanor, under R.C. 2917.11(A)(5). He had originally been charged with gross sexual imposition under R.C. 2907.05(A)(4), which prohibits a person having sexual contact with another when one of the persons is less than thirteen years of age.

{¶ 2} On the evening of July 20, 2001, a twelve-year-old girl, L.F., and her girlfriend were walking in a residential neighborhood. L.F. was wearing a mid-thigh nightshirt and a pair of shorts. (The facts are not in dispute and references to the transcript will be omitted). As the two approached L.F.'s house, they encountered the appellant, a sixteen-year-old friend of hers. The appellant asked L.F. for a hug and while this was occurring, appellant, apparently accidentally, lifted L.F.'s nightshirt and some part of appellant's body apparently touched L.F.'s breasts, whereupon L.F. struggled to get away from appellant and hit him in the process. She testified at the hearing that she felt upset and scared in Pennington's conduct and touching her that evening was not "right." When an officer interviewed her, she had tears in her eyes and seemed upset.

{¶ 3} During the hearing on the charge of delinquency, the magistrate determined that the state failed to establish any sexual gratification on the part of the bodily contact between appellant and L.F. The magistrate ruled that Pennington's inadvertent touching of L.F.'s breasts did not constitute "sexual contact" as the term is defined under the Ohio Revised Code. The magistrate then went on to characterize Pennington's behavior as boorish and "[g]iven that [L.F.] was rightfully offended by that conduct, this court finds that his behavior constituted the lesser included offense of disorderly conduct in that [Pennington] recklessly created a physically offensive condition for [L.F.] as provided by * * * R.C. 2917.11(A)."

{¶ 4} The disorderly conduct statute prevents a person from recklessly causing inconvenience, annoyance, or alarm to another by, in this case, creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons by any act that serves no lawful and reasonable purpose of the offender. R.C. 2917.11(A)(5).

{¶ 5} Pennington, through appointed counsel, objected to the magistrate's decision to the charges made after the judicatory hearing and charged that in so changing the identity of the specific violation of law, Pennington had no opportunity to defend against the new charge. The court overruled the objection, finding that Juv.R. 22(B) allows an amendment after the hearing in the "interests of justice." Id.

{¶ 6} A juvenile court has the discretion to amend a complaint and unless it abuses its discretion, we will not reverse its decision. *In re Felton* (1997), 124 Ohio App.3d 500, 503, 706 N.E.2d 809.

{¶ 7} The court noted here that the Supreme Court Rules Advisory Committee in its comments on the rule stated that such an amendment would be prohibited unless the amendment conforms to the evidence presented and also amounts to a lesser included offense of the crime charged. There is no question

that the amendment conforms to the evidence presented. The crux of this case is whether disorderly conduct is a lesser included offense of the crime of gross sexual imposition by a person when one of the persons affected is under age thirteen. The trial court sustained the amendment, finding that "[i]t is clear to the Court that a sixteen-year-old cannot have sexual contact with a twelve-year-old, unless he also commits a reckless act causing inconvenience or annoyance to the victim." The court further noted that testimony at the trial addressed the elements of both disorderly conduct and gross sexual imposition and, therefore, the appellant's due process of rights were not violated. Id. That is the issue that is brought before this court on appeal in the appellant's sole assignment of error:

{¶ 8} "The trial court erred by amending the complaint, *after* the adjudicatory hearing, to change the identity and nature of the charge."

{¶ 9} The Supreme Court has set forth a three-prong test to determine whether an offense is a lesser included offense of another by ruling that an offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus. There is no argument that the first and third prongs of the analysis are met in the case before us. The only issue is whether the offense of gross sexual imposition with a minor under the age of thirteen can ever be committed without the lesser offense of disorderly conduct also being committed.

{¶ 10} The appellant argues that since the sexual contact with a minor under the age of thirteen may not only be consensual but may actually be initiated by the under-thirteen minor that, therefore, disorderly conduct is not always present.

{¶ 11} The state argues that since the legislature has provided no consensual defense for sexual conduct with a minor under thirteen, the occurrence of such an event is per se an offense that causes alarm to the society as a whole, and is thus per se offensive and annoying. Furthermore, sex with one who is under thirteen always presents a risk of physical harm to the child. We adopt this interpretation by the state and hereby find that a gross sexual imposition with a minor under the age of thirteen necessarily involves the offense of disorderly conduct.

{¶ 12} The assignment of error is overruled, and the judgment is affirmed.

Judgment affirmed.

BROGAN and GRADY, JJ., concur.