[Cite as *In re S.W.*, 2011-Ohio-5291.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

              :

IN RE: S.W.           :    C.A. CASE NO. 24525

              :    T.C. CASE NO. 10JC1032

              :    (Criminal Appeal from
                     Juvenile Court)

. . . . . . . . .

**O P I N I O N**

Rendered on the 14th day of October, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Laura M. Woodruff, Asst. Pros. Attorney, Atty. Reg. No. 0084161, P.O. Box 972, Dayton, OH 45422
      Attorneys for Plaintiff-Appellee, State of Ohio

Andrea M. Seielstad, University of Dayton Law School, 300 College Park, Dayton, OH 45431
      Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} S.W., a minor child, appeals from her delinquency adjudication and disposition for having committed the offense of disorderly conduct - persist after warning to desist.

{¶ 2} The evidence presented at the adjudicatory hearing demonstrates that on February 5, 2010, after running errands,

S.W.'s legal guardian, Brittany High, and High's live-in fiancé, Renato Robinson, returned home between 7:00-8:00 p.m. They discovered that S.W. had invited her boyfriend, D.J., to the house without first getting their permission, which was an on-going family issue. Robinson told D.J. that he could not spend the night and to call his mother and father and have them take him home. That resulted in a verbal altercation between S.W. and High and Robinson that escalated. S.W. and High both became angry and upset.

{¶ 3} During their argument, High threw a bottle of hydrogen peroxide at S.W., and after that went upstairs. S.W. went to the kitchen and removed a large knife from a kitchen drawer. While holding the knife in her hand, S.W. threatened to cut High's face. S.W. also continued to yell at High and Robinson, who had also gone upstairs. S.W.'s conduct was witnessed by High's daughter, T.D., who was frightened that S.W. might harm her or her mother. T.D. told S.W. to put the knife away. Robinson heard T.D. yelling at S.W., and came downstairs to see what was going on. S.W. was in the kitchen holding the knife down by her side, and she continued to argue with Robinson when he told her to put the knife away.

{¶ 4} Eventually, S.W. put the knife away, after High had come downstairs and saw S.W. with it, but S.W. continued to yell and argue with Robinson because he had told D.J. to go home. High

came downstairs enraged because S.W. was still yelling and arguing about D.J. not being allowed to stay. Robinson stood in the kitchen doorway between High and S.W.

{¶ 5} High threw some shoes at S.W., and High physically struggled with Robinson in an attempt to get at S.W. High got past Robinson and into the kitchen, where she physically attacked S.W., who defended herself. High and S.W. assaulted each other, and during their fight High received scratches on her neck and chest. High fell backwards when she tripped over one of the shoes she earlier threw at S.W. Robinson became upset when High fell, and told T.D. to call the police, which she did. When Robinson threatened to hit S.W., D.J. became involved and threatened Robinson.

{¶ 6} When police arrived everyone was in the kitchen, yelling at each other. Police observed the scratch marks on High's neck. S.W. was eventually arrested for domestic violence.

{¶ 7} On February 5, 2010, a complaint was filed in juvenile court charging S.W. with being a delinquent child by reason of having committed domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. An adjudicatory hearing was held on April 9 and 12, 2010. At the conclusion of that hearing, the magistrate found S.W. not responsible for the domestic violence offense charged in the complaint. The magistrate amended the

complaint to charge two other offenses, and found S.W. delinquent by reason of having committed those other offenses: domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree, and disorderly conduct - persist after warning to desist, in violation of R.C. 2917.11(A)(1), (E)(3)(a), also a misdemeanor of the fourth degree. The magistrate immediately proceeded to disposition and ordered S.W. to complete six months of probation and participate in various counseling programs for anger management and parent-teen conflict.

{¶ 8} S.W. timely filed objections to the magistrate's decision. The State filed its response. On February 3, 2011, the Juvenile Court filed its Decision and Judgment, overruling in part and sustaining in part S.W.'s objections to the magistrate's decision. The Juvenile Court agreed that the evidence presented was legally insufficient to sustain a conviction for domestic violence in violation of R.C. 2919.25(C), because the victim, Brittney High, did not see S.W. with the knife and did not believe that S.W. would cause her imminent physical harm. Accordingly, the Juvenile Court dismissed the domestic violence charge in violation of R.C. 2919.25(C). The juvenile court further found that the evidence presented was sufficient to  find that S.W. was responsible for committing the offense of disorderly conduct - persist after warning to desist in violation of R.C. 2917.11(A)(1),

(E)(3)(a), and that the offense is a lesser included offense of domestic violence under R.C. 2919.25(A) as originally charged in the complaint. The court adjudicated S.W. a delinquent child based on that finding. Finally, the juvenile court ruled that, pursuant to Juv.R. 32, S.W. was not entitled to see, prior to the adjudicatory hearing, a social history or the Disposition Investigation Report (DIR) prepared in this case.

{¶ 9} S.W. timely appealed to this court from the Juvenile Court's Decision and Judgment overruling in part her objections to the magistrate's decision.

## FIRST ASSIGNMENT OF ERROR

{¶ 10} "THE JUVENILE COURT ABUSED ITS DISCRETION BY FINDING (S.W.) RESPONSIBLE FOR DISORDERLY CONDUCT - PERSIST AFTER WARNING TO DESIST BECAUSE THE JUVENILE COURT INCORRECTLY HELD THAT PERSISTENT DISORDERLY CONDUCT WAS A LESSER INCLUDED OFFENSE OF DOMESTIC VIOLENCE."

{¶ 11} A criminal defendant may be found guilty not only of the offense(s) charged in the complaint of indictment, but also lesser included offenses as well, even though the lesser included offense was not separately charged. R.C. 2945.74; *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, at ¶8; *State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, at ¶14.

{¶ 12} Juv.R. 22(B) provides, in part:

{¶ 13} "Amendment of pleadings. Any pleading may be amended at any time prior to the adjudicatory hearing. After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaint charging an act of delinquency may not be amended unless agreed by the parties, if the proposed amendment would change the name or identity of the specific violation of law so that it would be considered a change of the crime charged if committed by an adult."

{¶ 14} The Staff Notes to the July 1, 1994 amendment to Juv.R. 22(B) states, in relevant part:

{¶ 15} "The revision to Juv.R. 22(B) prohibits the amendment of a pleading after the commencement or termination of the adjudicatory hearing unless the amendment conforms to the evidence presented and also amounts to a <u>lesser included offense of the crime charged</u>. Because juveniles can be bound over as adults and become subject to the jurisdiction of the criminal division of the common pleas courts, it is important that Juv.R. 22(B) conform with Crim.R 7(D), which similarly prohibits any amendment which would result in a change in the identity of the crime charged." (Emphasis supplied.)

{¶ 16} A juvenile court has the discretion to amend a complaint, and unless it abuses its discretion, we will not reverse the

juvenile court's decision. *In re Pennington*, 150 Ohio App.3d 205, 2002-Ohio-6381.

{¶ 17} "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 18} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 19} Juv.R. 22(B) would permit the court to amend the charge in the complaint after completion of the adjudicatory hearing, if the amended charge is a lesser included offense of the offense originally charged in the complaint. *Pennington.* S.W. was originally charged in the complaint with first degree misdemeanor domestic violence in violation of R.C. 2919.25(A), which provides:

{¶ 20} "No person shall knowingly cause or attempt to cause

physical harm to a family or household member."

{¶ 21} The complaint filed in the juvenile court alleged that the victim of S.W.'s offense was High, who is S.W.'s legal guardian. S.W. was ultimately found responsible, after the complaint was amended following completion of the adjudicatory hearing, of committing disorderly conduct in violation of R.C. 2917.11(A)(1), which provides:

{¶ 22} "No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

{¶ 23} "Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]"

{¶ 24} Ordinarily, disorderly conduct is a minor misdemeanor. However, pursuant to R.C. 2917.11(E)(3)(a), disorderly conduct is a misdemeanor of the fourth degree if "the offender persists in disorderly conduct after reasonable warning or request to desist."

{¶ 25} In *State v. Deem* (1988), 40 Ohio St.3d 205, at paragraph 3 of the syllabus, the Ohio Supreme Court held:

{¶ 26} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense

is not required to prove the commission of the lesser offense. *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311, modified.)"

{¶ 27} S.W. concedes that the first and third prongs of the *Deem* test are satisfied in this case, because disorderly conduct - persist after warning to desist, a fourth degree misdemeanor, carries a lesser penalty than domestic violence in violation of R.C. 2919.25(A), a first degree misdemeanor, and the greater offense of domestic violence requires proof of an element that the lesser offense of disorderly conduct does not require: that the victim is a family or household member. We agree.

{¶ 28} S.W. argues that the second prong of the *Deem* test is not met because the lesser offense, disorderly conduct - persist after warning to desist, requires proof of an element that is not required to prove the greater domestic violence offense: persistence in the proscribed behavior after reasonable warning or request to desist. Therefore, because it is possible to commit the greater offense of domestic violence in violation of R.C. 2919.25(A) without also committing this additional element of persistent disorderly conduct in violation of R.C. 2917.11(A)(1), (E)(3)(a), the fourth degree misdemeanor persistent disorderly conduct is not a lesser included offense of domestic violence. See: *State v. Burgess* (1992), 79 Ohio App.3d 584; *State v. Reynolds*

(1985), 25 Ohio App.3d 59.

{¶ 29} We note that even with respect to those cases where disorderly conduct is charged not as a fourth degree misdemeanor with the additional "persistence" element under R.C. 2917.11(E)(3)(a), but rather simply as a minor misdemeanor under R.C. 2917.11(A)(1), this court has held that disorderly conduct is not a lesser included offense of domestic violence under R.C. 2919.25(A). In *State v. Schaefer* (April 28, 2000), Greene App. No. 99CA88, we stated:

{¶ 30} "In our view, it is possible to commit the offense of domestic violence without committing disorderly conduct. In particular, it is apparent that one may attempt to cause physical harm to another without his or her knowledge, in which case the victim will not have suffered inconvenience, annoyance, or alarm. We concede that, in most cases, the actions by which one causes or attempts to cause physical harm to another may also cause inconvenience, annoyance, or alarm to that person. But a victim might be wholly unaware of an attempt to cause physical harm where, for example, the perpetrator throws an object at the victim, who is not looking at the perpetrator, but misses his target, and thus the victim suffers no inconvenience, annoyance, or alarm. *Deem* requires us to conduct this analysis in the abstract: can domestic violence, as statutorily defined, *ever* be committed without

disorderly conduct also being committed. It is irrelevant that, in this case, Mrs. Schaefer may in fact have suffered inconvenience, annoyance, or alarm as a result of her husband's actions. Thus, we conclude that disorderly conduct is not a lesser included offense of domestic violence and that the trial court erred in convicting Schaefer of disorderly conduct."

{¶ 31} With respect to the second prong of the *Deem* test, that "the greater offense cannot, as statutorily defined, ever be committed without the lesser offense as statutorily defined, also being committed," the Ohio Supreme in *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, recently modified the second prong of the *Deem* test by deleting the word "ever" in order to eliminate the implausible scenarios being advanced by parties to suggest the remote possibility that one offense could conceivably be committed without the other also being committed. *Id.*, at ¶24-25. Relying upon *Evans,* the State argues that the argument advanced by S.W., that fourth degree misdemeanor persistent disorderly conduct under R.C. 2917.11(A)(1) and (E)(3)(a) is not a lesser included offense of first degree misdemeanor domestic violence under R.C. 2919.25(A) because the disorderly conduct offense requires proof of a persistence element that is not required to prove domestic violence, falls into one of those implausible scenarios/remote possibilities that the change made to the *Deem*

test by *Evans* was intended to eliminate. We disagree.

{¶ 32} We disagree with the State's contention. The persistence factor that R.C. 2917.11(A)(1) and (E)(3) contemplates does not present a remote possibility or implausible scenario with respect to the offense of disorderly conduct. Therefore, we must apply the second step of the *Deem* test to determine whether that fourth degree misdemeanor form of disorderly conduct is a lesser included offense of domestic violence.

{¶ 33} The second step of the *Deem* test requires a court to examine the statutory elements of the two offenses and compare them in the abstract to determine whether one element is the functional equivalent of the other. *Evans*, at ¶25. The proper overall focus is on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them. *Id.*, at ¶22. The evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense. *Id.*, at ¶13.

{¶ 34} An element to element comparison of domestic violence, R.C. 2919.25(A), and persistent disorderly conduct, R.C. 2917.11(A)(1), (E)(3)(a), readily reveals that disorderly conduct contains an additional element, persisting in disorderly conduct after reasonable warning or request to desist, that is not required

to prove domestic violence. Therefore, persistent disorderly conduct is not a lesser included offense of domestic violence, and the juvenile court erred in finding S.W. responsible for committing that offense. *Burgess; Reynolds.*

{¶ 35} The State argues that the "persistent" disorderly conduct which, per R.C. 2917.11(E)(3)(a), elevates the offense from a minor misdemeanor to a fourth degree misdemeanor, is not an element of the offense, but merely an enhancement factor increasing the degree of the violation. We do not agree. Unlike, for example, the age of the victim of a sex offense, or the value of property taken in a theft offense, which are matters resulting from and collateral to the defendant's criminal conduct, persistence in disorderly conduct after reasonable warning or request to desist necessarily involves the defendant's criminal conduct. Prohibited conduct, coupled with the required culpable mental state, is the basis of criminal liability. R.C. 2901.22(A). Therefore, the persistence that R.C. 2917.11(E)(3)(a) contemplates is not merely an enhancement factor but an element of the offense of disorderly conduct when persistence is charged. As such, the persistence element of the offense must be considered when applying the second step of the *Deem* test.

{¶ 36} As previously discussed, we have held that minor misdemeanor disorderly conduct under R.C. 2917.11(A)(1), even

absent the additional "persistence" element that elevates that offense to a fourth degree misdemeanor under R.C. 2917.11(E)(3)(a), is not a lesser included offense of domestic violence under R.C. 2919.25(A). *Schaefer.* Our holding remains unaffected by *City of Shaker Heights v. Mosley*, 113 Ohio St.3d 329, 2007-Ohio-2072, which the State cites. In that case, the Ohio Supreme Court held that minor misdemeanor disorderly conduct under R.C. 2917.11(A)(1) is a lesser included offense of domestic violence under R.C. 2919.25(C). The Supreme Court, however, specifically distinguished cases, including *Schaefer*, where domestic violence was charged under R.C. 2919.25(A). *Id.*, at ¶17.

{¶ 37} However, our holding in *Schaefer* preceded the Supreme Court's decision in *Evans*. We believe that the holding in *Evans* undermines our rationale in *Schaefer*, to the extent that we relied on the possibility that a victim may, in some instances, be wholly unaware of an attempt to cause physical harm. Unless the evidence in a particular case demonstrates that the victim was unaware, there is now no basis to hold that the minor misdemeanor form of domestic violence that R.C. 2917.11(A)(1) prohibits cannot be a lesser included offense of domestic violence, in violation of R.C. 2919.25(A) under the second prong of *Deem*.

{¶ 38} S.W.'s first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 39} "THERE IS INSUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT A FINDING OF RESPONSIBILITY FOR EITHER FOURTH DEGREE OR MINOR MISDEMEANOR DISORDERLY CONDUCT; AND THE JUVENILE COURT'S ADJUDICATION OF S.W. FOR DISORDERLY CONDUCT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 40} Our determination of the first assignment of error renders moot the error herein assigned with respect to the fourth degree version of disorderly conduct.  Accordingly, we need not decide that aspect of the error assigned.  App.R. 12(A)(1)(c).

{¶ 41} We also determined in deciding the first assignment of error that the minor misdemeanor form of disorderly conduct prohibited by R.C. 2917.11(A)(1) may be a lesser included offense of domestic violence.  However, in the present case, the juvenile court did not amend the complaint pursuant to Juv.R. 22(B) to charge the minor misdemeanor.  Therefore, any finding by us that the evidence was insufficient to prove a violation of R.C. 2917.11(A)(1) would be premature and merely advisory.

{¶ 42} The case will be remanded to the juvenile court to consider application of the minor misdemeanor form of domestic violence.  We believe that the better practice under Juv.R. 22(B), at this stage, would be to require the State to amend its complaint to charge the minor misdemeanor, if the State wishes to do so, following which a further adjudicatory hearing may proceed.  A

hearing will permit the court to sort out any issues of proof the amendment presents, such as, for example, which of the persons present suffered "inconvenience, annoyance, or alarm" by reason of S.W.'s conduct.

{¶ 43} The second assignment of error is overruled in part and sustained in part.

**THIRD ASSIGNMENT OF ERROR**

{¶ 44} "THE JUVENILE COURT ERRED IN DENYING S.W.'S REQUEST TO INSPECT THE DISPOSITION INVESTIGATION REPORT PREPARED BY THE JUVENILE COURT'S INTERVENTION CENTER UPON HER ARREST IN ADVANCE OF THE ADJUDICATORY HEARING."

{¶ 45} The report at issue is in the nature of a "Social History and Physical Examination Report" authorized by Juv.R. 32. S.W. requested access to the report, prior to the adjudicatory hearing. The magistrate denied the request, finding, after an in camera review, that none of the information in the report was relevant to the issue of delinquency to be adjudicated. S.W. was subsequently adjudicated delinquent and committed to probation.

{¶ 46} S.W. objected to the magistrate's denial of her request for access to the report. The trial court overruled the objections. The court found that S.W.'s request was premature, and that the magistrate had good cause to deny access, per Juv.R. 32(C).

{¶ 47} S.W. argues that the report should not have been prepared prior to her adjudication, and that the juvenile court abused its discretion when it overruled her objections to the magistrate's decision.

{¶ 48} Our decision sustaining S.W.'s first assignment of error renders moot the error S.W. assigns herein. Therefore, we need not decide it. App.R. 12(A)(1)(c). Further, at S.W.'s request, we provided the parties copies of the report prior to oral argument. Therefore, it is available to S.W. for purposes of any proceedings on remand.

## Conclusion

{¶ 49} Having sustained S.W.'s first assignment of error, we will reverse the juvenile court's judgment adjudicating S.W. a delinquent child for having engaged in conduct violative of R.C. 2917.11(E)(3)(a), and the dispositional order entered on that adjudication. The case is remanded to the juvenile court for further proceedings on the complaint alleging that S.W. is a delinquent child.


FAIN, J., And FROELICH, J., concur.


Copies mailed to:

Laura M. Woodruff, Esq.

Andrea M. Seielstad, Esq.
Hon. Anthony Capizzi