[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, David Stewart, appeals a conviction for felonious assault pursuant to R.C. 2903.11(A)(1). In his sole assignment of error, he contends that the conviction was erroneous, raising two separate arguments.
{¶ 3} First, Stewart contends that he was denied effective assistance of counsel. Stewart has not demonstrated that his counsel's representation fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Consequently, he has failed to meet his burden to show ineffective assistance of counsel. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Hamblin
(1988), 37 Ohio St.3d 153, 524 N.E.2d 476.
{¶ 4} Second, he contends that the evidence was insufficient to establish the serious- physical-harm element of felonious assault. R.C.2901.01(A)(5) defines "serious physical harm to persons" as "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity" or "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
{¶ 5} The victim in this case testified that Stewart shoved her against a wall, dislocating her shoulder. Because of the severe pain, she sought immediate medical treatment. Where the victim's injuries are serious enough to require the victim to seek medical treatment, the trier of fact may reasonably infer that the victim suffered serious physical harm. State v. Winston (1991), 71 Ohio App.3d 154, 593 N.E.2d 308; Statev. Jones, 8th Dist. No. 80841, 2002-Ohio-6635; State v. McCoy (Sept. 7, 2000), 10th Dist. No. 99AP-1048; State v. Vanover (May 18, 1999), 4th Dist. No. 98CA38.
{¶ 6} We find no merit in Stewart's claim that the only evidence showing serious physical harm was the victim's alleged hearsay testimony regarding her medical treatment. The victim testified regarding the severe pain she suffered, which was not hearsay. Further, several other witnesses testified that the victim was clutching her shoulder and seemed to be suffering substantial pain. The victim also testified that she underwent physical therapy and that she did not have full use of the injured shoulder at the time of trial.
{¶ 7} Under the circumstances, the state's evidence, when viewed in a light most favorable to prosecution, could have convinced a reasonable trier of fact that the victim had suffered physical harm that involved some temporary, substantial incapacity and that involved acute pain of such duration as to result in substantial suffering. Consequently, the evidence was sufficient to show that the victim suffered serious physical harm. See State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492; In re Reed, 147 Ohio App.3d 182,2002-Ohio-43, 769 N.E.2d 412; State v. Gandarilla, 10th Dist. No. 01AP-942, 2002-Ohio-1258; State v. Soifer (Sept. 24, 1999), 1st Dist. No. C-990078. We, therefore, overrule Stewart's assignment of error and affirm his conviction.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.