OPINION
{¶ 1} Appellant David J. Yoho, II appeals from his delinquency adjudication which was entered in the Belmont County Common Pleas Court, Juvenile Division. Two issues are raised in this appeal. The first issue is whether criminal trespass, a violation of R.C. 2911.21, is a lesser included offense of criminal damaging, a violation of R.C. 2909.06. The second issue is whether Yoho's adjudication is against the manifest weight of the evidence. For the reasons provided below, Yoho's adjudication of delinquency is reversed and vacated.
 STATEMENT OF FACTS {¶ 2} In the early evening hours of October 27, 2004, a mutual altercation occurred between two juveniles, Luke Nice, age 14, and David J. Yoho, II, age 15. (Tr. 6, 13, 46). The altercation occurred in the alley between the Nice residence and Joseph Bencur's residence. (Tr. 13, 47). Luke's father, Louis Nice, witnessed the very end of the altercation and called the police. Statements were taken from Louis, Luke and Yoho.
 {¶ 3} Later that evening, Bencur arrived at his residence and noticed a large dent in his garage door. (Tr. 5, 32). He then called the police; Officer Trigg responded to the call. (Tr. 5). Officer Trigg informed Bencur that earlier that evening in the alley next to his garage, a fight occurred between Luke and Yoho. (Tr. 12).
 {¶ 4} As a result of the altercation and damage to the garage door, on November 11, 2004, a two count complaint was filed against Yoho. The first count alleged that Yoho assaulted Luke in violation of R.C.2903.13(A). The second count alleged that Yoho knowingly damaged Bencur's garage in violation of R.C. 2911.21.
 {¶ 5} On February 1, 2005, the aforementioned complaint was the subject of an adjudication hearing wherein the state dismissed the assault count and introduced evidence relative to the remaining criminal damaging count. (Tr. 3).
 {¶ 6} After hearing all the evidence, the juvenile court found Yoho not guilty on the criminal damaging. (02/01/05 J.E., Tr. 58). However, the juvenile court found him guilty of criminal trespass. (02/01/05 J.E., Tr. 58). Yoho objected to this finding. (02/01/05 J.E., Tr. 58) on the ground that he was never charged with that offense and criminal trespass is not a lesser included offense of criminal damaging. As such, he contended that he could not be found guilty of criminal trespass. The juvenile court noted the objection for the record.
 {¶ 7} The parties then agreed to proceed directly to the dispositional hearing. (Tr. 58). At the end of the dispositional hearing, the court ordered Yoho committed to the Belmont Harrison Juvenile District for 90 days for care and rehabilitation. (02/01/05 J.E., Tr. 61). However, the sentence was suspended on the conditions that Yoho: 1) obey all laws; 2) not be in or around Bencur's property; and, 3) pay restitution and court costs. (02/01/05 J.E., Tr. 61). Yoho appeals from the foregoing adjudication and disposition and raises two assignments of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 8} "THE TRIAL COURT COMMITTED ERROR IN FINDING THE APPELLANT GUILTY OF CRIMINAL TRESPASS BECAUSE CRIMINAL TRESPASS IS NOT A LESSER INCLUDED OFFENSE OF CRIMINAL DAMAGING."
 {¶ 9} Under this assignment of error, Yoho contends that since the complaint only charged him with criminal damaging and not criminal trespass, he could not be found guilty of criminal trespass because it is not a lesser included offense of criminal damaging. The state rebuts this argument by claiming that the juvenile court impliedly amended the complaint from criminal damaging to criminal trespass. It contends that the juvenile court had the authority to do this by Juv.R. 22(B) because criminal trespass is a lesser included offense of criminal damaging.
 {¶ 10} At the end of all the evidence, the juvenile court stated the following:
 {¶ 11} "Okay. Thank you. The Court has reviewed the matter and at this time will make a finding of not guilty on the criminal damaging however, Mr. Lloyd [prosecutor] you have shown beyond a reasonable doubt the offense of criminal trespass, so based upon the evidence the Court is going to find David [appellant] guilty of criminal trespass a violation of 2911.21. Testimony from the officer, testimony from Luke Nice, and testimony from Louis Nice all corroborated that proof and the Court is satisfied that that has been proven beyond a reasonable doubt." (Tr. 58).
 {¶ 12} The state insists that since the juvenile court never specifically stated that it was finding Yoho "guilty of criminal trespass, a lesser included offense of criminal damaging," the above colloquy of the juvenile court shows that it was actually amending the complaint from criminal damaging to criminal trespass, rather than finding him guilty of the lesser included offense.
 {¶ 13} While the state's contention may be plausible, it is nonetheless based on speculation and assumption. It is just as plausible to assume that since the juvenile court did not state that it was amending the complaint, it was finding him guilty of a lesser included offense. The foregoing statement of the court no more indicates that the juvenile court was amending the complaint than it does that the juvenile court was finding Yoho guilty of a lesser included offense. That said, regardless of how the statement is viewed (as amending the complaint or as a finding of guilt of a lesser included offense), as is explained below, the juvenile court would have no authority to amend the complaint pursuant to Juv.R 22(B) if criminal trespass is not a lesser included offense of criminal damaging.
 {¶ 14} Juv.R. 22(B) states:
 {¶ 15} "(B) Amendment of pleadings:
 {¶ 16} "Any pleading may be amended at any time prior to the adjudicatory hearing. After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaintcharging an act of delinquency may not be amended unless agreed by theparties, if the proposed amendment would change the name or identity ofthe specific violation of law so that it would be considered a change ofthe crime charged if committed by an adult. Where requested, a court order shall grant a party reasonable time in which to respond to an amendment." (Emphasis added).
 {¶ 17} The Eighth Appellate District, in addressing this rule and whether an amendment changed the identity of the crime originally charged, stated the following:
 {¶ 18} "In the comment following Juv.R. 22(B), the Supreme Court Rules Advisory Committee has explained that the court can change the charge only to a `lesser included offense.' It stated as follows: `The revision to Juv.R. 22(B) prohibits the amendment of a pleading after the commencement or termination of the adjudicatory hearing unless the amendment conforms to the evidence presented and also amounts to a lesserincluded offense of the crime charged. Because juveniles can be bound over as adults and become subject to the jurisdiction of the criminal division of the common pleas courts, it is important that Juv.R. 22(B) conform with Crim.R. 7(D), which similarly prohibits any amendment which would result in a change in the identity of the crime charged.' Juv.R. 22(B) 1994 Staff Note." In re Reed, 147 Ohio App.3d 182, 2002-Ohio-43, ¶ 21.
 {¶ 19} Thus, it is clear that if the juvenile court amended the complaint, it could have only done so if criminal trespass was a lesser included offense of criminal damaging. Id. See, also, State v.Burdine-Justice (1998), 125 Ohio App.3d 707, 711, citing State v.Briscoe (1992), 84 Ohio App.3d 569, 572 (stating under Crim.R. 7(D), the original indictment can be amended during trial if the amended charge is a lesser included offense of the original charge); State v. Quiles,
8th Dist. No. 84293, 2005-Ohio-388, ¶ 15 (stating that an original indictment can be amended during trial if the amended charge is a lesser included offense of the original charge).
 {¶ 20} Accordingly, our analysis turns to whether criminal trespass is a lesser included offense of criminal damaging. In determining whether an offense is a lesser included offense of another offense, we are to follow the test set out by the Ohio Supreme Court in State v. Deem (1988),40 Ohio St.3d 205, paragraph three of the syllabus:
 {¶ 21} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 22} Yoho admits that the first and third prongs of the Deem test are met. Yoho is clearly correct that the first prong of Deem is met. Criminal damaging is a second-degree misdemeanor, while criminal trespass is a fourth-degree misdemeanor. R.C. 2909.06(B); R.C. 2911.21(D). Thus, criminal trespass carries a lesser penalty than criminal damaging.
 {¶ 23} Yoho is also correct that the third prong of Deem, that criminal damaging requires the proof of an element that criminal trespass does not, is also met. The elements of criminal trespass are set forth in R.C. 2911.21(A)(1)-(4). The juvenile court did not specify which subsection of (A) Yoho violated. However, it appears that it would most likely be (A)(4). This subsection is defined as:
 {¶ 24} "(A) No person, without privilege to do so, shall do any of the following:
 {¶ 25} "* * *
 {¶ 26} "(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either."
 {¶ 27} Criminal damaging under R.C. 2909.06(A)(1) is defined as:
 {¶ 28} "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
 {¶ 29} "(1) Knowingly, by any means."
 {¶ 30} Accordingly, as can be seen by comparing the offenses, criminal damaging requires that the state prove that the offender caused or created a substantial risk of physical harm to another's property. This element is not found in criminal trespass.
 {¶ 31} Thus, Yoho is correct that the first and third prongs of Deem
are met. Accordingly, whether or not criminal trespass is a lesser included offense of criminal damaging hinges on the second prong ofDeem.
 {¶ 32} As stated above, the second prong of Deem is that the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed. In determining whether the second prong of Deem is met, we must look to the elements of the offenses as statutorily defined and not with reference tospecific factual scenarios. State v. Blasdell, 155 Ohio App.3d 423,2003-Ohio-6392, citing State v. Barnes, 94 Ohio St.3d 21, 26, 2002-Ohio-68. Thus, if criminal damaging cannot, as statutorily defined, ever be committed without criminal trespass, as statutorily defined, also being committed, than criminal trespass is not a lesser included offense of criminal damaging.
 {¶ 33} In examining the offenses as statutorily defined, we find that criminal damaging can be committed without committing criminal trespass. A person can knowingly cause or create a substantial risk of harm to another's property without entering or remaining on the land or premise of another. For example, a person can damage another person's automobile that is parked on a public street. Or a person could damage the car while it is parked on a third party's property that the person has permission to be on. Another example, is that one roommate could damage the other roommate's personal property that is in a common area of the room. Accordingly, the second prong of Deem is not met.
 {¶ 34} While it is noted that in the factual scenario of the matter at hand, if criminal damaging was proven then criminal trespass was also proven, it must be remembered that the elements of the offenses must be examined as statutorily defined, i.e. in the abstract. The elements are not to be examined in reference to a specific factual scenario. When the elements of criminal trespass and criminal damaging are examined in the abstract, it must be concluded that criminal trespass is not the lesser included offense of criminal damaging.
 {¶ 35} Accordingly, since Yoho was not charged with criminal trespass, the juvenile court could not find him guilty of that offense. As such, his adjudication of delinquency must be vacated.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 36} "THE TRIAL COURT COMMITTED ERROR IN FINDING THE APPELLANT GUILTY OF CRIMINAL TRESPASS BECAUSE THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 37} Due to our disposition of the first assignment of error, the second assignment of error is rendered moot. App.R. 12(A)(1)(c). Hence, it will not be addressed.
 {¶ 38} For the foregoing reasons, the decision of the juvenile court is reversed. Yoho's adjudication of delinquency is vacated.
Waite, J., concurs.
DeGenaro, J., concurs.