{¶ 16} For the following reasons I concur in the judgment of the majority reversing the judgment, but dissent from the judgment vacating the plea. This case is not one in which the State has tried and wrongly convicted Harper of conduct that is not a crime. Rather, this is an appeal by Harper assigning as error, in the aftermath of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the sentencing procedures by which the trial court determined the sentence imposed upon him in consequence of his plea of guilty to a bargained for lesser offense than the charge upon which he was indicted. The State is a party to the plea bargain, has determined the penalty range to be imposed upon the plea and conviction is adequate to satisfy the public interest and to insure that a penalty is imposed without the risk and expense of trial. The State has not taken an appeal and neither party raised the issue of the nature of the offense for which Harper's guilty plea was taken. Thus neither the issue nor a fortiori the appeal we decide here are brought by the parties or decided below by the trial judge. I fear that we have raised an issue sua sponte only in order to express an unsolicited dictum that is inapplicable to the appeal actually before us. Were its opinion presented by the majority as an instructive dictum, I would raise no objection, for the author of the lead opinion has presented a tight piece of reasoning concerning the relation of the two statutes involved with which I wholeheartedly agree. I part company with the majority on its judgment vacating the entire plea bargain and sentence below as a matter of law, for I believe the Rules of Appellate Procedure and historic practice dictate otherwise.
 {¶ 17} The actual assignment of error presented to us only raised the question as to whether the trial court's sentence was appropriate in light of Foster. I agree that this assignment of error should be sustained upon authority of Foster. In my opinion our inquiry and authority end with that decision and judgment. Appellate Rule 12, in pertinent part, provides:
 (A) Determination.
 (1) On an undismissed appeal from a trial court, a court of appeals shall do all of the following:
 (a) Review and affirm, modify, or reverse the judgment or final order appealed;
 (b) Determine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, the oral argument under App.R. 21;
 * * *
 (B) Judgment as a matter of law. When the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in appellant's brief and that the appellee is entitled to have the judgment or final order of the trial court affirmed as a matter of law, the court of appeals shall enter judgment accordingly. When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a mater of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order. In all other cases where the court of appeals determines that the judgment or final order of the trial court should be modified as a matter of law it shall enter its judgment accordingly.
 * * *
 (D) All other cases. In all other cases where the court of appeals finds error prejudicial to the appellant, the judgment or final order of the trial court shall be reversed and the cause shall be remanded to the trial court for further proceedings.
App.R.12. Clearly, our judgments of reversal must be founded on a finding of prejudice to the Appellant.
 {¶ 18} In this matter at hand, Harper has suffered no prejudice and indeed has gained a substantial benefit from the plea bargain approved by the trial court. The only prejudice to Harper, and apparently to the State, arises from our judgment depriving both of the benefit of their plea bargain. The application of the criminal statutes involved, even if wrongly applied, do not deprive the trial court of its subject matter jurisdiction nor its personal jurisdiction of the Appellant. The sentence imposed then is not void for following this statute but is merely voidable and reviewable only for abuse of discretion. It is not the trial court's abuse of discretion that then is at issue, but our replacing the trial court's exercise of discretion with ours that results in prejudice to the Appellant.
 {¶ 19} We purport to recognize plain error from misapplication of the statutes involved. Our authority to do so is governed by Crim.R. 52 which states as follows:
 Harmless error. Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.
 (B) Plain error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
Crim.R. 52. No substantial right of either the Appellant or the Appellee is prejudicially affected in these circumstances of their complete agreement and action to achieve a just resolution of this criminal matter without undue expenditure of time and money; of their failure to object or otherwise call the trial judge's attention to any perceived error, defect, irregularity, or variance and its effect on some substantial right.
 {¶ 20} In State v. Rosebrook, 3rd Dist. No. 8-05-07,2006-Ohio-734, (Rogers dissents) in similar circumstances we said:
 The present case presents a far different situation. A plea agreement in which some charges are dropped in exchange for a guilty plea to other charges, does not, of course, equate to an acquittal. And, the plea agreement at issue in the present case expressly includes an agreement by the defendant to pay restitution for the loss he caused to the victims even though the criminal charges arising from his conduct in those situations were dismissed as part of the overall case settlement.
 Rosebrook could reasonably have concluded that a restitution order was preferable to conviction, or the possibility of conviction, on the charges dropped by virtue of the plea agreement. Nothing in the law prevents him from making that choice.
 For the foregoing reasons, we find the trial court did not err in ordering Rosebrook to pay restitution on counts that were dismissed following Rosebrook's change of plea. Accordingly, Rosebrook's first assignment of error is overruled.
Id. at ¶ 23-23. Absent a showing of an adverse affect on the substantial right of a defendant, any plain error is harmless and may be disregarded by the court. In re Reed, 147 Ohio App.3d 182, 2002-Ohio-43,769 N.E.2d 412, ¶ 51. The holding of Foster does not require us to vacate the bargains underlying pleas subject to vacation on constitutional grounds and I have grave doubts about the wisdom of effectively punishing an Appellant for exercising his right to appeal.
Additionally, the Ohio Supreme Court has held that it is invited error when a party asks a court to take some action later claimed to be erroneous. State v. Campbell, 90 Ohio St.3d 320, 2000-Ohio-183,738 N.E.2d 1178. In this case, the parties, both Harper and the State, agreed that in exchange for a guilty plea, the State would reduce the charge to an attempted intimidation of a witness. This reduced the charge from a felony of the third degree to a felony of the fourth degree. The reduction of charges is frequently used by prosecutors in plea negotiations. By agreeing to this, the State and Harper asked the trial court to make the error claimed by the majority. To penalize the State and Harper for using this negotiation tool effectively diminishes the State's ability to negotiate plea agreements.
Finally, trial courts can accept Alford pleas in which the defendant denies guilt, but agrees to plead guilty to avoid a trial for whatever reason. In those situations, the trial court accepts the guilty plea even though the defendant is still claiming their innocence merely because the defendant believes that the offered sentence is better than what the outcome of a trial is likely to be. This is a similar situation in that the defendant agreed to plead guilty to a charge that is technically not valid because the offered sentence is better than what the outcome of a trial is likely to be. Since the definition of intimidation of a witness includes attempt and Harper admitted to the attempt, he could have been found guilty of the third degree felony which would affect his overall sentence. Thus, he benefited from the plea agreement and should be allowed to keep the benefit of his deal.
 {¶ 21} Therefore, I respectfully concur separately from the opinion and judgment entered herein reversing the trial court and dissent from the majority's vacating the bargained sentence. I would sustain Appellant's assignment of error, reverse Appellant's void sentence, and remand the cause to the trial court for resentencing in compliance withFoster.