OPINION *Page 2 
{¶ 1} Defendant-appellant, Logan Hutchison, appeals from a Belmont County Common Pleas Court, Juvenile Division decision adjudicating him a delinquent child for knowingly possessing a deadly weapon in a school safety zone.
 {¶ 2} On December 13, 2006, a middle school student brought to bus driver Michael Cottello's attention that she found a knife on the school bus. Cottello informed Bellaire High School assistant principal, John Haswell. Haswell brought the knife onto the bus and asked if it belonged to anyone. Jerry Carley initially claimed the knife. However, after speaking with Haswell, Carley changed his story and said that the knife belonged to appellant.
 {¶ 3} Haswell subsequently contacted the principal of Belmont Career Center (BCC), C.L. Strahl. Appellant rides the bus to BCC from Bellaire High School and was on his way to BCC at the time. When appellant arrived at BCC, Strahl asked him about the knife. According to Strahl, appellant admitted that he had a knife on the bus. However, appellant later denied ever admitting this.
 {¶ 4} On April 9, 2007, a complaint was filed alleging that appellant, who was 16 at the time, was a delinquent child because he knowingly attempted to possess a deadly weapon in a school safety zone in violation of R.C. 2923.122(B) and R.C. 2923.02.
 {¶ 5} The matter proceeded to a bench trial. The court found that appellant knowingly possessed a deadly weapon in a school safety zone. It noted that this offense was more serious than the offense originally charged. The court adjudicated appellant a delinquent child. It committed him to the Belmont Harrison Juvenile District for 90 days to be served concurrent to his sentence in another case.
 {¶ 6} Appellant filed a timely notice of appeal on June 28, 2007.
 {¶ 7} Appellant raises two assignments of error, the first of which states:
 {¶ 8} "THE TRIAL COURT COMMITTED ERROR WHEN IT ADJUDICATED LOGAN HUTCHINSON DELINQUENT OF POSSESSION OF A DEADLY WEAPON IN A SCHOOL ZONE BECAUSE IT IS NOT A LESSER-INCLUDED OFFENSE OF ATTEMPTED POSSESSION OF A DEADLY WEAPON IN A SCHOOL ZONE." *Page 3 
 {¶ 9} Appellant was charged with attempting to possess a deadly weapon in a school safety zone. This is a first-degree misdemeanor if committed by an adult. R.C. 2923.122(B); R.C. 2923.02(E)(1). After hearing the evidence, the trial court determined that appellant actually possessed, not merely attempted to possess, a deadly weapon in a school safety zone. This is a fifth-degree felony if committed by an adult. R.C. 2923.122(E)(1).
 {¶ 10} Appellant argues that the court had no authority to do this. He points out that he objected to the court's decision. Appellant asserts that the trial court has no authority to sua sponte amend a complaint, especially if such amendment increases the potential penalty. He asserts that the only way the court could have amended the charge was if it amended the charge to a lesser-included offense.
 {¶ 11} In response, plaintiff-appellee, the State of Ohio, argues that while the trial court found that appellant actually possessed the knife in a school safety zone, it limited itself at the disposition stage to only considering dispositional alternatives that applied toattempting to possess. Appellee contends that the fact that the court found that appellant possessed the knife necessarily also meant that it found that appellant attempted to possess the knife because one cannot do something without attempting to do it. It further contends that the court's statements regarding actual possession were merely a commentary on the evidence.
 {¶ 12} Contrary to appellee's assertion, the court's statements regarding actual possession were more than a mere commentary on the evidence. Instead, the court explicitly found that appellant possessed the knife in a school safety zone and did not merely attempt to possess it. The court's judgment entry specifically states:
 {¶ 13} "The Court finds that the defendant knowingly possessed a deadly weapon or dangerous ordinance [sic.], to-wit, a knife, in a school safety zone. The Court notes that this finding is an offense more serious than that alleged in the complaint."
 {¶ 14} Furthermore, at the conclusion of evidence, the court found: *Page 4 
 {¶ 15} "[The] evidence did show it was December 12th that Logan Hutchinson possessed a knife — I don't care whether it's his or Jerry's or somebody else's — a knife that was presented into evidence. The Courtis not going to find that he attempted to possess that knife; the Courtis going to find that he possessed a deadly weapon or dangerous ordinance [sic.], to-wit, a knife in a school safety zone beyond a reasonable doubt." (Emphasis added; Trial Tr. 114-15).
 {¶ 16} Appellant's counsel then asked for clarification:
 {¶ 17} "MR. RYNCARZ: Your Honor, just for the record, — I just want to make sure I'm clear — you're finding him not guilty of attempting to possess a knife?
 {¶ 18} "THE COURT: No.
 {¶ 19} "MR. RYNCARZ: Not guilty?
 {¶ 20} "THE COURT: No. I'm finding him guilty of possessing aknife, dangerous weapon, deadly ordinance [sic.] in a school safety zone.
 {¶ 21} "MR. RYNCARZ: Which is different from what he's been charged with?
 {¶ 22} "THE COURT: Correct." (Emphasis added; Trial Tr. 115-16).
 {¶ 23} Appellant objected. (Tr. 116). The court then stated that for sentencing purposes, it would only sentence appellant on the crime that he was charged with. (Trial Tr. 116). It then reiterated, "the findingwas possess, not attempt to possess." (Emphasis added; Trial Tr. 116).
 {¶ 24} At the disposition hearing, the prosecutor asked the court for clarification on what crime exactly it had found that appellant committed:
 {¶ 25} "[THE PROSECUTOR:] For clarification purposes, I guess I'm asking the Court are you specifically finding him guilty of the higher offense or are you saying that the State — you feel the State proved the higher offense but he's guilty of the offense as charged? Do you understand what I'm saying? * * *
 {¶ 26} "THE COURT: Mr. Ryncarz asked at the close of the case are you finding him not guilty of the attempted possession of a dangerous weapon in a school safety zone, and the answer to that was no, the Court was not finding him not guilty of that offense but found that the State met its burden of proof as to a more *Page 5 
serious offense and, therefore, the attempt is a lesser included of the more serious offense and, therefore, he's guilty of that lesser included offense, also." (Disposition Tr. 3).
 {¶ 27} Given the court's statements in its judgment entry and at the conclusion of the adjudication hearing, the court expressly found that appellant was guilty of actual possession of a dangerous ordnance in a school safety zone. It also made clear that it was not finding appellant guilty of attempted possession. At the disposition hearing, the court stated that appellant was guilty of both possession and attempted possession. However, the court's comments at the disposition hearing were immaterial. By this time, the court had already adjudicated appellant delinquent for possession of a knife on school premises. Its adjudication judgment entry so stated. A court speaks only through its journal entries. State v. Russell, 7th Dist. No. 04-CA-807,2005-Ohio-1337, at ¶ 24; State v. King (1994), 70 Ohio St.3d 158, 162,637 N.E.2d 903.
 {¶ 28} Appellant was only charged with attempted possession, which would be a first-degree misdemeanor if committed by an adult. Yet the court found that he committed actual possession, which would elevate the crime to a fifth-degree felony if committed by an adult. Therefore, the question is whether the court was permitted to amend the charge against appellant to a more serious charge than with which he was charged.
 {¶ 29} In essence, the trial court impliedly amended the complaint to charge appellant with possession of a deadly weapon in a school safety zone. Juv. R. 22(B) deals with the amendment of pleadings and states in part:
 {¶ 30} "After the commencement of the adjudicatory hearing, a pleading may be amended upon agreement of the parties or, if the interests of justice require, upon order of the court. A complaint charging an act ofdelinquency may not be amended unless agreed by the parties, if theproposed amendment would change the name or identity of the specificviolation of law so that it would be considered a change of the *Page 6 crime charged if committed by an adult. Where requested, a court order shall grant a party reasonable time in which to respond to an amendment." (Emphasis added.)
 {¶ 31} In this case, the parties did not agree to amend the charge. Additionally, by changing the crime charged from attempted possession to actual possession, the court changed the name and identity of the crime charged. Possession of a deadly weapon or dangerous ordnance requires the proof of an additional element not present in attempted possession. It requires actual possession. And it increases the crime from a first-degree misdemeanor to a fifth-degree felony. Thus, by amending the charge, the court changed both the name and the identity of the crime.
 {¶ 32} This court has held that a juvenile court may only amend a delinquency complaint after the commencement of the adjudicatory hearing if the amendment conforms to the evidence and amounts to a lesser-included offense of the crime charged. In re Yoho, 7th Dist. No. 05-BE-5, 2005-Ohio-4468, at ¶ 19, citing In re Reed,147 Ohio App.3d 182, 769 N.E.2d 412, 2002-Ohio-43, at ¶ 21. Clearly, possession of a deadly weapon or dangerous ordnance in a school safety zone is not a lesser included offense of attempted possession of a deadly weapon or dangerous ordnance in a school safety zone. The former is a felony while the latter is a misdemeanor. Additionally, the former carries with it a greater possible penalty than the latter.
 {¶ 33} Although the court found appellant committed the more serious crime, it limited itself at the disposition to considering only those disposition options which would have been available if it had found that appellant committed the less serious crime. (Disposition Tr. 3). However, this does not change the fact that appellant was adjudicated delinquent for committing an act with which he was not charged.
 {¶ 34} Because appellant was not charged with possession of a deadly weapon or dangerous ordnance in a school safety zone, the trial court could not properly find him guilty of that offense. Given that the court found appellant committed an offense with which he was not charged, and since the court did not *Page 7 
find that appellant committed any other offense, we must dismiss appellant's delinquency adjudication. Accordingly, appellant's first assignment of error has merit.
 {¶ 35} Based on the merit of appellant's first assignment of error, his second assignment of error is rendered moot. It states:
 {¶ 36} "THE TRIAL COURT VIOLATED LOGAN HUTCHINSON'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION WHEN IT ADJUDICATED HIM DELINQUENT OF POSSESSION OF A DEADLY WEAPON IN A SCHOOL ZONE, A FELONY OF THE FIFTH DEGREE, BECAUSE THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 37} For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's delinquency adjudication is vacated.
Vukovich, J., concurs.
 DeGenaro, J., concurs. *Page 1